UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELIAS MIRABAL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-11047-JLT |
| | * | |
| HERB CHAMBERS OF AUBURN, INC., and | * | |
| IMAD BENEELKOUR, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

March 12, 2012

TAURO, J.

I.   Introduction

The chain of events underlying this action began in April 2008 when Plaintiff Elias Mirabal began working for Defendant Herb Chambers of Auburn, Inc. ("Herb Chambers"). In March 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC notified the Massachusetts Commission Against Discrimination ("MCAD") of the charge. Presently at issue is Defendant Imad Beneelkour's Motion to Dismiss Plaintiff's Claim Against Him Arising Under M.G.L c. 151B (Count II) [#9]. For the following reasons, Defendant's Motion is ALLOWED.

II.   Background[1]

In April 2008, Defendant Herb Chambers hired Plaintiff.[2] Plaintiff is a Jehovah's Witness. Plaintiff alleges that during his employment his superior, Defendant Beneelkour, harassed him with homophobic slurs because Plaintiff's religion does not approve of premarital sex.[3] Around August 8, 2008, Defendant Beneelkour approached Plaintiff from behind and placed him in a chokehold, resulting in temporary asphyxiation and serious injury.[4]

In March 2009, Plaintiff filed a Charge of Discrimination with the EEOC alleging religious discrimination by Defendant Herb Chambers.[5] The EEOC cross-filed the discrimination charge with the MCAD pursuant to its statutory obligations.[6] Plaintiff only named Defendant Herb Chambers as a respondent in the administrative complaint.[7] Plaintiff did, however, include in the charge numerous factual allegations regarding how Defendant Beneelkour treated him.[8]

Plaintiff asserts that on January 31, 2009, Defendant Herb Chambers terminated Plaintiff's

---

[1] Because the issue analyzed here arises in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Complaint, Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] See Am. Compl. ¶ 17 [#3].

[3] See Am. Compl. ¶ 21 [#3].

[4] See Am. Compl. ¶ 24 [#3].

[5] See EEOC Compl. [#10-1].

[6] See EEOC Letter [#10-2].

[7] See EEOC Compl. [#10-1].

[8] See EEOC Compl. [#10-1].

employment in retaliation for his discrimination complaint.[9] On August 29, 2011, Plaintiff filed his <u>Amended Complaint</u> in the United States District Court for the District of Massachusetts, asserting the following counts: (1) violation of Title VII, the Civil Rights Act, by Defendant Herb Chambers; (2) religious discrimination in violation of M.G.L. c. 151B § 4 by Defendants Herb Chambers and Beneelkour; and (3) assault and battery by Defendant Beneelkour.[10]

On October 27, 2011, Defendant Beneelkour brought a <u>Motion to Dismiss Plaintiff's Claim Against Him Arising Under M.G.L c. 151B (Count II)</u> [#9].

III.   <u>Discussion</u>

A plaintiff alleging employment discrimination under M.G.L. 151B § 4 must file a complaint with the MCAD prior to bringing a civil action.[11] The purpose of bringing a claim before the MCAD is to provide notice and the opportunity for conciliation, resolution outside the courtroom.[12] Failure to name an individual as a respondent in the administrative charge does not automatically prohibit a plaintiff from bringing a civil claim against that individual.[13] A plaintiff may bring a civil action against an individual not named in the administrative charge, "[i]f the charge put[s] that party's conduct at issue and if the party was on notice of the charge and had an

---

[9] <u>See</u> Am. Compl. ¶ 26 [#3].

[10] <u>See</u> Am. Compl. ¶¶ 31-44 [#3].

[11] <u>Singleton v. Sinclair Broad. Grp., Inc.</u>, 660 F. Supp. 2d 136, 146 (D. Mass. 2009).

[12] <u>Preston v. Second Wind, Inc.</u>, No. 11-10193-JLT, 2011 WL 5592840, at *2 (D. Mass. Nov. 17, 2011).

[13] <u>Id.</u>

opportunity to participate in the MCAD proceeding . . . ."[14]

For an individual to have received proper notice, it is not enough for that individual to have had knowledge of the plaintiff's MCAD complaint.[15] The individual needs to have received notice that the "[p]laintiff intended to name him as a defendant in an eventual civil suit."[16] To determine whether an individual received notice or had an opportunity to conciliate the claim, courts have focused on whether the plaintiff attempted to amend the MCAD complaint to include the individual.[17] An attempt to amend the MCAD complaint puts an individual on notice that the Plaintiff will eventually bring a lawsuit against him.

Here, Plaintiff did not name Defendant Beneelkour as a respondent in the administrative complaint. Plaintiff also made no attempt in his civil complaint to demonstrate that Defendant Beneelkour had the ability to participate in the MCAD proceeding or an opportunity to conciliate the claim prior to a civil suit.[18] There is, additionally, no indication in the MCAD record that Plaintiff ever attempted to amend the administrative complaint to include Defendant Beneelkour. Thus, Defendant Beneelkour did not have notice that plaintiff intended to name him as a defendant in this civil suit.

---

[14] Chatman v. Gentle Dental Ctr. of Waltham, 973 F. Supp. 228, 234 (D. Mass. 1997).

[15] Singleton, 660 F. Supp. 2d at 147.

[16] Id.

[17] See Preston, 2011 WL 5592840, at *3-5 (allowing the motion to dismiss where the plaintiff did not attempt to amend); Singleton, 660 F. Supp. 2d at 147 (allowing the motion to dismiss where the plaintiff did not attempt to amend); Horney v. Westfield Gage Co., 95 F. Supp. 2d 29, 36 (D. Mass. 2000) (denying the motion to dismiss where the plaintiff did attempt to amend the charge, thus providing notice and an opportunity to conciliate).

[18] See generally Am. Compl. [#3].

IV.    Conclusion

For the foregoing reasons, Defendant's Beneelkour's Motion to Dismiss Plaintiff's Claim Against him Arising Under M.G.L c. 151B (Count II) [#9] is ALLOWED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge